# EXHIBIT A

ORIGINAL

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Eric A. Woosley (SBN) 211962<br>LAW OFFICES OF WOOSLEY & PORTER<br>1602 State Street<br>Santa Barbara, CA 93101<br>TELEPHONE NO: 805-897-1830   FAX NO. (Optional): 805-897-1834<br>E-MAIL ADDRESS (Optional): office@zwlegal.com<br>ATTORNEY FOR (Name): VALERIE DORFMAN and DAVID DORFMAN | A7730<br>9049 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street  FSC: 09/23/2016 TRIAL: 10/11/2016 OSC: 04/10/2015
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF: VALERIE DORFMAN, DAVID DORFMAN and ROBERT DORFMAN, Deceased, by and through his Successor in Interest, VALERIE DORFMAN
DEFENDANT: MASSACHUSETTS CASUALTY INSURANCE COMPANY, a business entity, form unknown

[X] DOES 1 TO 100   INCLUSIVE

**FILED**
Superior Court of California
County of Los Angeles

APR 10 2015

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Myrna Beltran

D-93
HOWARD L. HALM

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED (Number):
Type (check all that apply):
[ ] MOTOR VEHICLE    [X] OTHER (specify):
[ ] Property Damage    [X] Wrongful Death
[ ] Personal Injury    [X] Other Damages (specify): BAD FAITH;
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

BY FAX

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
  Amount demanded [ ] does not exceed $10,000
  [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
  [ ] from limited to unlimited
  [ ] from unlimited to limited

CASE NUMBER:
BC 578402

1. Plaintiff (name or names): VALERIE DORFMAN, DAVID DORFMAN, ROBERT DORFMAN, deceased, by and through his Successor in Interest, VALERIE DORFMAN
alleges causes of action against defendant (name or names): MASSACHUSETTS CASUALTY INSURANCE COMPANY and DOES 1 through 100, inclusive
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
  a. [ ] except plaintiff (name):
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity (describe):
    (3) [ ] a public entity (describe):
    (4) [ ] a minor [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other (specify):
    (5) [ ] other (specify):
  b. [ ] except plaintiff (name):
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity (describe):
    (3) [ ] a public entity (describe):
    (4) [ ] a minor [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other (specify):
    (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property Damage, Wrongful Death

Legal Solutions Plus
Code of Civil Procedure, § 425.12

PLD-PI-001

| SHORT TITLE: DORFMAN v. MASSACHUSETTES CASUALTY | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): MASSACHUSETTS CASUALTY INSURANCE COMPANY
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   b. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1-50 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 50-100 are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

PLD-PI-001 [Rev. January 1, 2007]   COMPLAINT—Personal Injury, Property Damage, Wrongful Death   Page 2 of 3

PLD-PI-001

| SHORT TITLE: DORFMAN v. MASSACHUSETTES CASUALTY | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☒ Other *(specify):* WRONGFUL DEATH; BAD FAITH; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☒ other damage *(specify):* Death of spouse and father

12. ☒ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☒ as follows:
   Plaintiff Valerie Dorfman is the widow of Robert Dorfman. Plaintiff David Dorfman is the son of Robert Dorfman. The damages claimed are for loss of financial support, loss of gifts and benefits Plaintiffs would have received from Robert Dorfman, funeral and burial expenses, and the reasonable value of household services that Robert Dorfman would have provided. In addition, Plaintiffs claim damages for loss of Robert Dorfman's love, companionship, comfort, care, assistance, protection, affection, society, moral support, and his training and guidance.

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☒ punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: April 10, 2015

Eric A. Woosley
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]   **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**   Page 3 of 3

PLD-PI-001(3)

| SHORT TITLE: DORFMAN v. MASSACHUSETTES CASUALTY | CASE NUMBER |
|---|---|

**First** _____ **CAUSE OF ACTION—Intentional Tort**    Page **4** ____
(number)
                                BAD FAITH
ATTACHMENT TO  [X] Complaint  [ ] Cross-Complaint

(Use a separate cause of action form for each cause of action.)

IT-1. Plaintiff (name): ROBERT DORFMAN, by and through his Successor in Interest, VALERIE DORFMAN
alleges that defendant (name): MASSACHUSETTES CASUALTY INSURANCE COMPANY

[X] Does 1 to 100

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on (date): April 12, 2013
at (place): Los Angeles, California

(description of reasons for liability):

1. Plaintiff Robert Dorfman was in a contractual relationship with Defendant Massachusetts Casualty Insurance Company ["Massachusetts"].

2. Plaintiff Robert Dorfman became disabled and filed a claim with Defendant Massachusetts. Defendant Massachusetts denied the claim, and prolonged payment of the claim for several months, before accepting the claim. Thereafter, Defendant Massachusetts sought to buy out the policy from Plaintiff Robert Dorfman, rather than continue paying the monthly benefits. Plaintiff Robert Dorfman declined Defendant Massachusetts offer. Defendant Massachusetts thereafter engaged in abusive practices and conduct, directed towards Plaintiff Robert Dorfman, including refusing to pay contracted for annual increases, repeatedly scheduling and then cancelling medical examinations as tacit threats to cut off disability benefits without any cause, repeatedly requiring interviews with Massachusetts' retained psychiatrist, who in turn fabricated claims concerning Plaintiff Robert Dorfman, vandalizing Plaintiff Robert Dorfman's vehicle, sending investigators to sit outside of Plaintiff Robert Dorfman's home, sending persons to photograph Plaintiff and his home, and posting private medical information on the door of Plaintiff's home, disparaged Plaintiff Robert Dorfman to others in the medical community, and interfered with Plaintiff Robert Dorfman's ability to changed his career, all to impair Robert Dorfman's right to receive the benefits for which he had contracted.

3. Massachusett's intentionally abusive practices and harassing conduct caused severe emotional distress, nervousness, worry, stress, anxiety, humiliation, fear, and ordeal to Plaintiff Robert Dorfman, directly and proximately causing Plaintiff Robert Dorfman's death. Plaintiff has been damaged in an amount to be proven at time of trial.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]
**CAUSE OF ACTION—Intentional Tort**    Legal Solutions Plus    Code of Civil Procedure, § 425.12

PLD-PI-001(3)

| SHORT TITLE: DORFMAN v. MASSACHUSETTES CASUALTY | CASE NUMBER |
|---|---|

Second _____ **CAUSE OF ACTION—Intentional Tort** Page 5 ____
(number)

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* ROBERT DORFMAN, by and through his Sucessor in Interest, VALERIE DORFMAN
alleges that defendant *(name):* MASSACHUSETTES CASUALTY INSURANCE COMPANY

[X] Does 1 _____ to 100 ____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date):* April 12, 2013
at *(place):* Los Angeles California

*(description of reasons for liability):*

1. Plaintiff Robert Dorfman was in a contractual relationship with Defendant Massachusetts Casualty Insurance Company ["Massachusetts"].

2. Plaintiff Robert Dorfman became disabled and filed a claim with Defendant Massachusetts. Defendant Massachusetts denied the claim, and prolonged payment of the claim for several months, before accepting the claim. Thereafter, Defendant Massachusetts sought to buy out the policy from Plaintiff Robert Dorfman, rather than continue paying the monthly benefits. Plaintiff Robert Dorfman declined Defendant Massachusetts offer. Defendant Massachusetts thereafter engaged in abusive practices and conduct, directed towards Plaintiff Robert Dorfman, including refusing to pay contracted for annual increases, repeatedly scheduling and then cancelling medical examinations as tacit threats to cut off disability benefits without any cause, repeatedly requiring interviews with Massachusetts' retained psychiatrist, who in turn fabricated claims concerning Plaintiff Robert Dorfman, vandalizing Plaintiff Robert Dorfman's vehicle, sending investigators to sit outside of Plaintiff Robert Dorfman's home, sending persons to photograph Plaintiff and his home, and posting private medical information on the door of Plaintiff's home, disparaged Plaintiff Robert Dorfman to others in the medical community, and interfered with Plaintiff Robert Dorfman's ability to changed his career, all to impair Robert Dorfman's right to receive the benefits for which he had contracted.

3. Massachusett's intentionally abusive practices and harassing conduct caused severe emotional distress, nervousness, worry, stress, anxiety, humiliation, fear, and ordeal to Plaintiff Robert Dorfman, directly and proximately causing Plaintiff Robert Dorfman's death. Plaintiff has been damaged in an amount to be proven at time of trial.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) (Rev. January 1, 2007)

**CAUSE OF ACTION—Intentional Tort**

Legal Solutions Plus

Page 1 of 1
Code of Civil Procedure, § 425.12

PLD-PI-001(3)

| SHORT TITLE: DORFMAN v. MASSACHUSETTES CASUALTY | CASE NUMBER |
|---|---|

__Third__     **CAUSE OF ACTION—Intentional Tort**     Page __6__
(number)     WRONGFUL DEATH

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: VALERIE DORFMAN and DAVID DORFMAN

alleges that defendant *(name)*: MASSACHUSETTES CASUALTY INSURANCE COMPANY

[X] Does __1__ to __100__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*: April 12 2013
at *(place)*: Los Angeles, California

*(description of reasons for liability)*:

1. Defendant Massachusetts, through is abusive practices and harassing conduct, including but not limited to refusing to pay contracted for annual increases, repeatedly scheduling and then cancelling medical examinations as tacit threats to cut off disability benefits without any cause, repeatedly requiring interviews with Massachusetts' retained psychiatrist, who in turn fabricated claims concerning Plaintiff Robert Dorfman, vandalizing Plaintiff Robert Dorfman's vehicle, sending investigators to sit outside of Plaintiff Robert Dorfman's home, sending persons to photograph Plaintiff and his home, and posting private medical information on the door of Plaintiff's home, disparaged Plaintiff Robert Dorfman to others in the medical community, and interfered with Plaintiff Robert Dorfman's ability to changed his career, all to impair Robert Dorfman's right to receive the benefits for which he had contracted, directly and proximately causing Plaintiff Robert Dorfman's death.

2. Plaintiff Valerie Dorfman ("Valerie") is the widow of Robert Dorfman. Plaintiff David Dorfman ("David") is the adult son of Robert Dorfman.

3. Plaintiffs Valerie and David claim damages as a result of Defendant Massachusetts' intentionally abusive practices and harassing conduct for loss of financial support, loss of gifts and benefits Plaintiffs would have received from Robert Dorfman, funeral and burial expenses, and the reasonable value of household services that Robert Dorfman would have provided. In addition, Plaintiffs claim damages for loss of Robert Dorfman's love, companionship, comfort, care, assistance, protection, affection, society, moral support, and his training and guidance, all in amounts to be proven at time of trial.

Page 1 of 1
Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]     **CAUSE OF ACTION—Intentional Tort**     Legal Solutions Plus     Code of Civil Procedure, § 425.12

PLD-PI-001(6)

| SHORT TITLE: DORFMAN v. MASSACHUSETTES CASUALTY | CASE NUMBER |
|---|---|

**Exemplary Damages Attachment**  Page 7

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

EX-1. As additional damages against defendant *(name)*: MASSACHUSETTS CASUALTY INSURANCE COMPANY and DOES 1 through 100

Plaintiff alleges defendant was guilty of
[X] malice
[X] fraud
[X] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Plaintiff Robert Dorfman, by and through his Successor in Interest, Valerie Dorfman, is informed and believes, and thereon allege, that Defendants' conduct described herein was intended by Defendants to cause injury, or was undertaken with the knowledge that injury and damages to Robert Dorfman was probable and likely, such that the conduct was despicable and carried on by Defendants with a willful and conscious disregard of the rights of Robert Dorfman, subjected Robert Dorfman to cruel and unjust hardship in conscious disregard of his rights, or to otherwise cause his injury, so as to constitute malice, oppression, and/or fraud under California Civil Code § 3294, as set forth in the First and Second Causes of Action, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

Plaintiff Robert Dorfman, by and through his Successor in Interest, Valerie Dorfman, is further informed and believes, and thereon alleges, that Defendants' officers, directors and/or managers, had advance knowledge of the employees and agents who committed the acts and employed them with a conscious disregard of the rights of Plaintiff Robert Dorfman and/or authorized or ratified those employees' and agents' acts by failing to take steps to stop their conduct or remediate their conduct despite actual knowledge.

EX-3. The amount of exemplary damages sought is
a. [X] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [ ] $

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**EXEMPLARY DAMAGES ATTACHMENT**

Legal Solutions Plus

Code of Civil Procedure, § 425.12

14